**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| STEVE SANDERS, Individually and on Behalf of All Others Similarly Situated, | **Docket No.** |
| v. | Jury Trial Demanded |
| | Class/Collective Action |
| WATER TRANSFER SOLUTIONS, LLC | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.      Steve Sanders (Sanders) bring this lawsuit to recover unpaid overtime wages and other damages owed under the Fair Labor Standards Act (FLSA) and applicable state law, such as the Pennsylvania Minimum Wage Act (PMWA).

2.      Water Transfer Solutions, LLC is a service company in the oil and gas business operating in multiple states, including in Ohio and Pennsylvania.

3.      Water Transfer Solutions employs oilfield personnel, like Sanders, to carry out its work.

4.      Sanders, and the other workers like him, were typically scheduled for 12-hour shifts, for as many as 7 days a week.

5.      But Water Transfer Solutions did not pay these workers overtime for hours worked in excess of 40 in a single workweek.

6.      Instead of paying overtime as required by the FLSA and the PMWA, Water Transfer Solutions paid these workers a day-rate.

7.      This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      On information and belief, the Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).

10.     The Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

12.     Sanders lives, and worked for Water Transfer Solutions, in this District and Division.

13.     Moreover, Water Transfer Solutions paid Sanders, and other workers like him, from its office located in Canonsburg, which is located in Washington County, Pennsylvania.

## THE PARTIES

14.     From approximately June 2017 to December 2017, Steve Hernandez worked exclusively for Water Transfer Solutions performing "traffic control" work.

15.     Throughout his employment with Water Transfer Solutions, he was paid a day-rate with no overtime compensation.

16.     His consent to be a party plaintiff is attached.

17.     Sanders bring this action on behalf of himself and other similarly situated workers who were paid according to Water Transfer Solutions's day-rate system.

18.     Water Transfer Solutions paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

19.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**All Water Transfer Solutions's workers who were paid a day-rate with no overtime in the past 3 years (the "Day Rate Workers").**

20.    Sanders seek conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

21.    Sanders also seeks certification of a class under FED. R. CIV. P. 23 to remedy Water Transfer Solutions's violations of the PMWA.

22.    The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their PMWA claims is defined as:

**All Water Transfer Solutions's workers in Pennsylvania who were paid a day-rate with no overtime in the past 3 years (the "Pennsylvania Class").**

23.    Water Transfer Solutions is a limited liability company operating in multiple states, including North Dakota, Ohio, and Pennsylvania.

## COVERAGE UNDER THE FLSA

24.    For at least the past 3 years, Water Transfer Solutions has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.    For at least the past 3 years, Water Transfer Solutions has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26.    For at least the past 3 years, Water Transfer Solutions has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

27.    Water Transfer Solutions has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as hard hats, cell phones, steel toe boots, that have been moved in or were produced for commerce.

28.     Water Transfer Solutions has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) in each of the past 3 years.

29.     Sanders and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

30.     As will be shown through this litigation, Water Transfer Solutions treated Sanders and the Day Rate Workers as employees and uniformly dictated the pay practices Sanders and the Day Rate Workers were subjected to.

FACTS

31.     Water Transfer Solutions is a multi-million-dollar oil and gas company.

32.     It operates in several states, including North Dakota, Ohio, and Pennsylvania.

33.     In order to provide the services it markets to its customers, Water Transfer Solutions employs oilfield personnel like Sanders and the Day Rate Workers.

34.     These oilfield workers carry out the hands-on, day-to-day production work of Water Transfer Solutions.

35.     Water Transfer Solutions paid Sanders and the Day Rate Workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

36.     For example, in July and August of 2017, Water Transfer Solutions paid Sanders a day rate of $160 a day.

37.     Sanders worked every day of the week starting July 30, 2017 and ending August 5, 2017.

38.     Sanders was scheduled for at least 12 hours on each of those days.

39.     Sanders worked at least 12 hours on each of those days.

40.     Thus, Sanders worked in excess of 80 hours that week.

41.     However, Water Transfer Solutions did not pay Sanders any overtime pay.

42.     Instead, Water Transfer Solutions simply paid Sanders his day rate of $160 for each of the 7 days, with no overtime compensation whatsoever.

43.     Throughout his employment, Sanders regularly worked more than 40 hours in a workweek.

44.     But Water Transfer Solutions never paid Sanders overtime.

45.     The work Sanders performed was an essential part of producing Water Transfer Solutions's core products and/or services.

46.     Sanders did not make any substantial investment in order to perform the work Water Transfer Solutions required of him.

47.     Sanders' earning opportunity was based on the number of days Water Transfer Solutions scheduled him to work.

48.     Sanders were not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

49.     For the purposes of an FLSA overtime claim, the Day Rate Workers performed substantially similar job duties related to oil and gas operations in the field.

50.     Sanders performed routine manual and technical job duties that were largely dictated by Water Transfer Solutions.

51.     All of the Day Rate Workers perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

52.     The Day Rate Workers also worked similar hours and were denied overtime as a result of the same illegal pay practice.

53.    The Day Rate Workers regularly worked in excess of 40 hours each week.

54.    Like Sanders, the Day Rate Workers were generally scheduled for daily shifts of 12 (or more) hours for as many as 7 days in a week.

55.    Water Transfer Solutions did not pay Sanders on a salary basis.

56.    Water Transfer Solutions did not pay the Day Rate Workers on a salary basis.

57.    Water Transfer Solutions paid the Sanders on a day-rate basis.

58.    Water Transfer Solutions paid the Day Rate Workers on a day-rate basis.

59.    Water Transfer Solutions failed to pay Sanders overtime for hours worked in excess of 40 hours in a single workweek.

60.    Water Transfer Solutions failed to pay the Day Rate Workers overtime for hours worked in excess of 40 hours in a single workweek.

61.    Water Transfer Solutions knew, or acted with reckless disregard for whether, Sanders and the Day Rate Workers were entitled to unpaid overtime under the FLSA.

62.    Water Transfer Solutions's policy of failing to pay Sanders and the Day Rate Workers overtime violates the FLSA and the PMWA because these workers are, for the purposes of the FLSA and PMWA, employees.

63.    Water Transfer Solutions's day-rate system violates the FLSA and PMWA because Plaintiff and the other Day Rate Workers did not receive any pay for hours worked over 40 hours each week.

64.    Sanders and the Day Rate Workers (including, but not limited to, all members of the Pennsylvania Class) were entitled overtime for all hours worked in excess of 40 hours in each workweek.

**FLSA VIOLATIONS**

65.     Water Transfer Solutions violated, and is violating, the FLSA by employing Sanders and the Day Rate Workers for workweeks longer than 40 hours without paying them overtime.[1]

66.     Water Transfer Solutions knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Sanders and the Day Rate Workers overtime.

67.     Water Transfer Solutions's failure to pay overtime to Sanders and the Day Rate Workers was not reasonable, nor was the decision not to pay overtime made in good faith.

68.     Accordingly, Sanders and the Day Rate Workers are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**PMWA VIOLATIONS**

69.     Sanders brings his claim under the PMWA as a Rule 23 class action.

70.     The conduct alleged in this Complaint violates the Pennsylvania Minimum Wage Act (PMWA).

71.     Water Transfer Solutions was and is an "employer" within the meaning of the PMWA.

72.     At all relevant times, Water Transfer Solutions employed each member of the Pennsylvania Class as an "employee" within the meaning of the PMWA.

73.     The PMWA requires an employer like Water Transfer Solutions to pay overtime to all non-exempt employees.

74.     The members of the Pennsylvania Class were and are non-exempt employees entitled to overtime pay for all overtime worked.

---

[1] This same conduct violates numerous state laws. Therefore, following some discovery and the opt-in process, Sanders may seek leave to add additional claims under state laws.

75.     For at least 3 years, Water Transfer Solutions had a policy and practice of failing to pay overtime to the Pennsylvania Class for hours worked in excess of 40 hours per week.

76.     Because Water Transfer Solutions failed to pay overtime to the Pennsylvania Class, Water Transfer Solutions violated the PMWA.

77.     The Pennsylvania Class is entitled to recover their unpaid overtime based on Water Transfer Solutions's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 40 hours in a week, prejudgment interest of 6% per annum, and such other legal and equitable relief resulting from Water Transfer Solutions's violations of the PMWA as the Court deems just and proper.

78.     The Pennsylvania Class also seeks recovery of attorneys' fees and costs of this action to be paid by Water Transfer Solutions, as provided by the PMWA.

CLASS & COLLECTIVE ACTION ALLEGATIONS

79.     The illegal pay practices Water Transfer Solutions imposed on Sanders were likewise imposed on the Day Rate Workers.

80.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the PMWA.

81.     Numerous other individuals who worked with Sanders performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

82.     Based on his experiences and tenure with Water Transfer Solutions, Sanders are aware that Water Transfer Solutions's illegal practices were imposed on other Day Rate Workers.

83.     The Day Rate Workers were denied overtime when they worked in excess of 40 hours per week.

84.     Water Transfer Solutions's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

85.    Sanders' experiences are therefore typical of the experiences of the Day Rate Workers, including but not limited to the Pennsylvania Class.

86.    The specific job titles or precise job locations of the various members of the Day Rate Workers do not prevent class or collective treatment.

87.    Sanders has no interest contrary to, or in conflict with, the Day Rate Workers.

88.    Like each Putative Class Member, Sanders has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

89.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

90.    Absent a class and collective action, many members of the Day Rate Workers will not obtain redress of their injuries and Water Transfer Solutions will reap the unjust benefits of violating the FLSA and applicable state law.

91.    Furthermore, even if some of the Day Rate Workers could afford individual litigation against Water Transfer Solutions, it would be unduly burdensome to the judicial system.

92.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers and provide for judicial consistency.

93.    The questions of law and fact common to each of the Day Rate Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.    Whether Water Transfer Solutions employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA and the PMWA;

   b.    Whether Water Transfer Solutions's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

    c.    Whether Water Transfer Solutions's violation of the FLSA and the PMWA was willful; and

    d.    Whether Water Transfer Solutions's illegal day rate policy were applied to the Day Rate Workers.

94.    Sanders and the Day Rate Workers sustained damages arising out of Water Transfer Solutions's illegal and uniform employment policy.

95.    Sanders know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

96.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

97.    Sanders demand a trial by jury.

## RELIEF SOUGHT

98.    WHEREFORE, Sanders pray for judgment against Water Transfer Solutions as follows:

    a.    An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order designating the Pennsylvania Class as a class action pursuant to Fed. R. Civ. P. 23;

    c.    For an Order appointing Sanders and their counsel to represent the interests of the federal collective and the Pennsylvania Class;

d.   For an Order finding Water Transfer Solutions liable to Sanders and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

e.   For an Order finding Water Transfer Solutions liable to Sanders and the Pennsylvania Class for unpaid overtime owed under the PMWA, as well as liquidated damages in an amount equal to twice their unpaid compensation;

f.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

g.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**
By:_____
        Richard J. (Rex) Burch
        State Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR SANDERS**